IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Chapter Kris Jackson, <br><br> Plaintiff, <br><br> v. <br><br> BOK Financial Corporation, et al., <br><br> Defendants. | No. 25-CV-297-SEH-MTS |

## BOKF, NA'S COUNTERCLAIM

Defendant and Counterclaimant BOKF, NA d/b/a BOK Financial ("BOK"), for its counterclaim against Chapter Kris Jackson, alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Chapter Kris Jackson ("Plaintiff") is an individual residing in California.

2. BOK is a national association bank with its principal place of business in Tulsa, Oklahoma.

3. This Court has jurisdiction under 28 U.S.C. § 1331 because it relates to compliance with a federal subpoena which is governed by federal law.

4. This Court also has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and Ms. Jackson has asserted claims for over $75,000.

5. Ms. Jackson has waived any claim that venue is inappropriate by filing related claims in this Court.

6. Moreover, venue in this Court is appropriate because this case relates to the enforcement of a federal subpoena over a Tulsa-based national association bank.

## BACKGROUND OF CLAIM

7. On March 13, 2019, Ms. Jackson opened the Personal Savings account with number ending 1628 ("Personal Savings Account"), the Opportunity Banking checking account with number ending 1293 ("Personal Checking Account"), and the Business Savings account with number ending 1629 at BOK ("Business Savings Account").

8. Each of the foregoing accounts were subject to BOK's Depository Agreement for Transaction Accounts (the "Depository Agreement," attached as Exhibit 1).

9. The Depository Agreement contained an Arbitration Agreement for Consumer Accounts ("Arbitration Agreement").

10. The Arbitration Agreement only applied to Ms. Jackson's Personal Savings and Personal Checking Accounts—i.e., her consumer accounts.

11. Pursuant to the Arbitration Agreement, BOK and Ms. Jackson "agree[d] to arbitrate all disputes and claims arising out of or relating to [the Depository Agreement.]"

12. Nothing within the Depository Agreement addressed the parties' rights or obligations with respect to subpoenas served by a third-party in pending litigation.

13. Ms. Jackson closed the Personal Savings Account and the Business Savings Account on November 25, 2019 and the Personal Checking Account on November 29, 2019.

14. On November 16, 2023, certain third-parties commenced Chapter 7 Involuntary Bankruptcy proceedings against Ms. Jackson in the Bankruptcy Court for the Western District of Missouri, Case No. 23-41601 (the "Bankruptcy").

15. On December 8, 2023, counsel for one of the creditors in the Bankruptcy filed a Notice of Intent to Issue Subpoena (the "Notice," attached as Exhibit 2).

16. The Notice was never served or otherwise provided to BOK. [Email String, attached as Exhibit 3.]

17. On December 13, 2023, counsel for the creditors served the Subpoena on BOK with a cover letter. [Letter and Subpoena, attached as Exhibit 4.]

18. The Subpoena commanded BOK "to produce and permit the inspection and copying of" certain documents including account agreements, signature cards, and account statements of Ms. Jackson and Ms. Jackson's various businesses. [*Id.*]

19. BOK was required to comply with the Subpoena by December 22, 2023 at 9 AM (the "Compliance Date"). [*Id.*]

20. The Subpoena was valid on its face and in the form proscribed by federal courts. [*Id.*]

21. BOK sent the Subpoena to BOK's legal counsel for processing. [Ex. 3.]

22. On December 21, 2023, the day before the Compliance Date, Ms. Jackson filed an objection to the Subpoena with the Bankruptcy Court. [Objection, attached as Exhibit 5.]

23. Ms. Jackson did not serve the objection on BOK or its counsel.

24. On the Compliance Date, BOK produced documents to the attorney that had issued the Subpoena.

25. At the time of production, BOK had no notice that an objection had been filed.

26. On December 26, 2023, 4 days after the Compliance Date, Plaintiff filed a motion to quash the Subpoena. [Motion to Quash, attached as Exhibit 6.]

27. The Objection and Motion to Quash were set for hearing in the Bankruptcy on January 3, 2024. [Bankruptcy Docket, Dkt. 32, attached as Exhibit 7.]

28. On January 2, the Bankruptcy Court continued the hearing, in part because "the record reflects no subpoenas have been issued and no proof of service filed . . .." [*Id.* at Dkt. 38.]

29. BOK had no notice of the hearing, its continuance, or the Bankruptcy Court's findings.

30. On February 1, 2024, over a month after the Compliance Date, the Bankruptcy Court granted Plaintiff's Motion to Quash the Subpoena. [*Id.* at Dkt. 76.]

31. On or about February 8, 2024, Ms. Jackson sent a private investigator to a BOK branch to inquire about the Subpoena and BOK's response thereto. The investigator spoke with Ms. Jill Chalmers, who was employed by BOK at the time.

32. That same day, Ms. Chalmers was contacted by email by Ms. Jackson asking about the Subpoena. In the email, Ms. Jackson provided BOK with a copy of the Bankruptcy Court order quashing the Subpoena. This is the first time BOK learned that the Subpoena had been challenged in the Bankruptcy.

33. Ms. Chalmers referred Ms. Jackson to BOK's legal counsel.

34. BOK's legal counsel explained to Ms. Jackson the sequence of events that led to production pursuant to the Subpoena and provided her with the documents that were produced. [Ex. 3]

35. Ms. Jackson thanked BOK's counsel and then asked him to file a bar complaint against the counsel who had issued the Subpoena. BOK's counsel politely declined. [Ex. 3.]

36. At the time of this interaction, Ms. Jackson made no claim against BOK, nor did she demand arbitration of any such claims.

37. BOK did not hear from Ms. Jackson again until she served a lawsuit on BOK on July 2, 2025 seeking an order requiring BOK and other defendants to arbitrate claims related to the Subpoena.

38. Ms. Jackson's lawsuit asserts damages in the amount of $45 million.[1]

### COUNT I – DECLARATORY JUDGMENT
(28 U.S.C. §§ 2201-2202)

39. Defendants reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

---

[1] The Complaint actually states that Ms. Jackson is seeking "$45,000,000.000." Depending on the nature of her typo, she may be seeking $45 billion.

5

40. Ms. Jackson contends that the Subpoena was invalid; that BOK wrongfully complied with the Subpoena; and that Ms. Jackson's claims fall within the scope of the Arbitration Agreement.

41. BOK contends that the Subpoena was valid; that BOK acted in accordance with the law when complying with the Subpoena; and that BOK's compliance with the Subpoena does not fall within the scope of the Arbitration Agreement.

42. Pursuant to the foregoing, an actual and justiciable controversy exists between the parties concerning their rights and obligations with respect to compliance with the Subpoena and the applicability of the Arbitration Agreement.

43. The controversy is of sufficient immediacy and reality for this Court to enter a declaratory judgment declaring the scope and meaning of the terms of the Arbitration Agreement and the legality of the Subpoena and BOK's compliance therewith.

## PRAYER FOR RELIEF

WHEREFORE, BOKF, NA d/b/a BOK Financial respectfully prays for a judgment:

1. Declaring that the Subpoena was valid when BOK complied with the Subpoena;

2. Declaring that BOK acted in accordance with the law when complying with the Subpoena;

3. Declaring that BOK's compliance with the Subpoena does not fall within the scope of the Arbitration Agreement.

4. Awarding BOK its costs, including its reasonable attorney's fees; and

5. Awarding BOK such other and further relief as this Court deems just and proper.

Respectfully Submitted:

s/Jared M. Burden
Jared M. Burden, OBA #30026
Francesca A. Walentynowicz, OBA #35557
FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma 74103
(918)583-9922 (Tel.)
(918)584-2729 (Fax)
jburden@fdlaw.com
fboewe@fdlaw.com

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of July, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Chapter Kris Jackson

s/Jared M. Burden
Jared M. Burden