**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OKLAHOMA**

Case No. Case No. 25-CV-297-SHE-SH

Chapter Jackson,
Petitioner,

v.

BOK Financial Corporation, et al.,
Respondents.

FILED
AUG 07 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

**MOTION TO STRIKE APPEARANCES AND PLEADINGS OF ATTORNEY JARED BURDEN AND TO DISQUALIFY COUNSEL:**

Petitioner Chapter Jackson respectfully moves this Court to strike the appearance and pleadings – ECF 14, 16 filed by Attorney Jared Burden (herein "Burden") and disqualify him from representing BOK Financial Corporation ("BOK") in the above-captioned case due to - a disqualifying conflict of interest that undermines the integrity of the proceedings, violates core ethical and constitutional principles and an impermissible conflict of interest. In support of this motion, Petitioner states as follows:

## I. INTRODUCTION

Burden is an attorney associated with the law firm Fredric Dorwart, Lawyers PLLC. The law firm Fredric Dorwart, Lawyers PLLC, as well as its partner John Clayman, are named respondents in this action. Petitioner has asserted claims within her petition to compel arbitration/ grounds for arbitration against both the firm Fredric Dorwart, Lawyers PLLC, and Mr. Clayman for misconduct and unethical conduct arising out of the same set of operative facts as alleged against BOK. As such, Attorney Burden dual representation -simultaneous representation of BOK—a co-respondent—with his law firm and its partners who are themselves accused of wrongdoing, creates an unwaivable conflict of interest - which constitutes an actual and irreconcilable conflict of interest that violates ethical standards and prejudices. Petitioner hereby incorporates her pleadings and allegations within her petition to compel arbitration and exhibits and allegations in this motion pursuant to Federal Rule Procedure 10(c),

## II. ARGUMENTS AND AUTHORITIES

### A. Legal Standard for Disqualification of Counsel

Federal courts have the inherent authority to disqualify attorneys to preserve the judicial integrity of the judicial process to ensure fairness. See: *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes removing counsel where conflicts of interest undermine the adversarial process.

✓ Mail ___ No Cert Svc ___ No Orig Sign
___ C/J ___ C/MJ ___ C/Ret'd ___ No Env
___ No Cpys ✓ No Env/Cpys ___ O/J ___ O/MJ

See: *Cullen v. Margiotta*, 811 F.2d 698, 715 (2d Cir. 1987). This power extends to cases of ethical conflicts of interest and dual representation that compromise loyalty and fairness. Disqualification is appropriate when an attorney's conduct would violate the applicable rules of professional conduct or compromise a party's fair trial rights. See *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005).

**B. Conflict of Interest Under Tenth Circuit Precedent**

In the Tenth Circuit, disqualification is warranted where representation creates a conflict under the rules of professional conduct. In *Coleman v. PepsiCo, Inc.*, 945 F. Supp. 1519, 1522 (D. Kan. 1996), the court held that "[a]n attorney should be disqualified when he or she is in a position to use privileged information acquired from a former or current client against that client." The court emphasized that disqualification is proper where an attorney could use privileged information gained from a client against that client or where divided loyalties may impair effective advocacy. See also *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984).

Here, Attorney Burden cannot ethically represent BOK while his firm and colleague, both parties to this suit, face allegations arising out of the same transactional or legal events. Under *Wheat v. United States*, 486 U.S. 153, 160 (1988), courts must guard against divided loyalties, even where actual harm is not yet manifest. The potential for divided loyalty alone warrants disqualification. The Petitioner has filed a petition to compel arbitration. Attorney Burden has filed a response on behalf of BOK and counterclaims while defending his own law firm and partner and or former partner John Clayman. Here, Attorney Jason is part of the very firm accused of wrongdoing, and now represents another party—BOK—whose conduct is inextricably linked to those same allegations. The risk of divided loyalty is not speculative; it is manifest.

**C. Applicable Rules of Professional Conduct (Oklahoma)**

The Oklahoma Rules of Professional Conduct, Rule 1.7, provides:

"[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest."

Rule 1.10(a) imputes such conflicts to the entire law firm. Therefore, because Fredric Dorwart Lawyers PLLC and BOK are a named respondents, and Burden is a member of the law firm Fredric Dorwart, Lawyers PLLC, the conflict is imputed to Burden and precludes him from representing any other party in this matter.

Oklahoma Rule of Professional Conduct 1.7 prohibits representation of a client where a concurrent conflict of interest exists. A concurrent conflict arises when "there is a significant risk that the representation... will be materially limited" by duties to another client or to the lawyer's own interests. Okla. Stat. tit. 5, ch. 1, app. 3-A, Rule 1.7(a)(2).

Moreover, Rule 1.10 imputes this conflict to all members of a firm. Thus, Burden cannot represent BOK while the firm Fredric Dorwart, Lawyers PLLC, and Clayman are parties to the

same litigation involving the same factual matrix. The Rules do not permit waiver where the attorney represents adversarial parties in the same matter.

**D. Conflict of Interest Violates FAA Policy and Due Process**

Petitioner's underlying petition to compel arbitration includes claims against the law firm Fredric Dorwart, Lawyers PLLC, and Mr. Clayman – a partner of the firm and or former. Having the same attorney or firm simultaneously defend another party (BOK) in the same proceeding undermines the procedural fairness required under the FAA and the Due Process Clause of the Fifth Amendment. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

The Federal Arbitration Act mandates procedural fairness. Allowing conflicted counsel to participate while defending their own firm undermines the neutral enforcement of arbitration rights. See *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The Supreme Court has also recognized that fairness requires recusal or disqualification where an appearance of bias exists. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). Dual representation of respondents under ethical scrutiny violates the Due Process Clause of the Fifth Amendment. The constitutional guarantee of an impartial process is void where a conflicted attorney may suppress facts to protect their own firm's liability.

**Federal Rule of Civil Procedure 12(f)**

Petitioner also moves to strike all pleadings and filings submitted by Burden on behalf of BOK pursuant to Fed. R. Civ. P. 12(f), as his appearance violates ethical and procedural rules and improperly taints the integrity of the proceeding. Pursuant to Fed. R. Civ. P. 12(f), a court may strike any "redundant, immaterial, impertinent, or scandalous matter" from pleadings. All pleadings filed by Burden on behalf of BOK are tainted by the conflict and must be stricken as improper. This action is necessary to preserve judicial integrity and avoid prejudice.

**III. CONCLUSION**

WHEREFORE, for the reasons set forth above, Petitioner respectfully requests that the Court:

1. Disqualify Attorney Jared Burden from further representation of BOK in this case;
2. Strike all pleadings filed by Jared burden on behalf of BOK as procedurally improper ECFs' 14, 16;
3. Bar any further participation by the law firm Fredric Dorwart, Lawyers PLLC in representation of any party due to the inherent and actual conflict of interest;
4. Grant any other relief deemed just and proper.

Dated: July 28, 2025, Respectfully submitted,

By: ______________________

Chapter Jackson
21151 S. Western Ave., Ste. 177
Torrance, CA 90501
(424) 272-5269
jackson@chchproductions.com

**Certificate of Service**

I hereby certify that on July 28, 2025, I caused a true and correct copy of the above to be served upon all parties of record via CM/ECF.

______________________
Chapter Jackson

UNITED STATES POSTAL SERVICE

Retail

U.S. POSTAGE PAID
PME
KANSAS CITY, KS 66101
AUG 06, 2025

74103

**$31.40**

S2324E501798-37

RDC 07

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

ER 229 819 300 US

USPS.COM/PICKUP

To schedule free Package Pickup, scan the QR code.

postmark jrds.

RECEIVED
AUG 07 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

25cv297- SEH- SH

# PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE (424) 272-5269

C. Jackson
PO Box 11143
Overland Park, KS 66207

RECEIVED
AUG 07 2025

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE (918) 699-4700

Page Belcher Federal Bldg
US District Court
Attn: Clerk
333 W. 4th St RM 411
Tulsa, Oklahoma

ZIP + 4® (U.S. ADDRESSES ONLY) 74103

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | | |
|---|---|---|---|
| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| PO ZIP Code: 66106 | Scheduled Delivery Date (MM/DD/YY): 08-07-25 | Postage: $ 31.50 | |
| Date Accepted (MM/DD/YY): 08-06-25 | Scheduled Delivery Time: ☒ 6:00 PM | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 2:58 ☐ AM ☒ PM | | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ 31.50 | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 31.50 | |
| Weight ☐ Flat Rate lbs. ozs. | Acceptance Employee Initials: JW. | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023 PSN 7690-02-000-9996

PRESS FIRMLY TO SEAL

how2recycle.info PAPER POUCH

FSC MIX Board FSC® C116916

PRESS FIRMLY TO SEAL

FLAT RATE ENVELOPE
POSTAGE REQUIRED