**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHAPTER KRIS JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOK FINANCIAL CORPORATION, et ) <br> al., ) <br> ) <br> Defendants. ) | Case No. 25-cv-00297-SEH-SH |

## **OPINION AND ORDER**

Before the Court is Plaintiff's motion to disqualify counsel for Defendant Frederic Dorwart Lawyers PLLC.[1] The motion contains multiple quotations that do not appear in the cases cited, including the following:

- "The conflict of interest is patent when a law firm attempts to represent both itself and its current or former attorneys in an adversarial dispute." – This quotation does not appear in *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984).

- "Disqualification was necessary where firm lawyers would be placed in positions of conflicting loyalties." – This quotation does not appear in *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).

- "An attorney cannot represent clients with adverse interests, even when those clients are within the same firm." – This quotation does not appear in *Unified Sewerage Agency v. Jelco Inc.*, 646 F.2d 1339, 1349 (9th Cir. 1981).

- "An attorney's duty of loyalty precludes representing both the firm and a colleague in litigation adverse to the firm." – This quotation does not appear in *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984).

---

[1] The motion has been referred to the undersigned by District Judge Sara E. Hill. (*See* ECF No. 46.)

These fake quotations are just those located in the first two paragraphs of substantive argument. (ECF No. 39 at 2.) It is not the duty of this Court or other parties to waste time poring through cases vainly attempting to find non-existent language.

Instead, by presenting a filing, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the . . . legal contentions are warranted by existing law . . . ." Fed. R. Civ. P. 11(b)(2). The Court could, after notice and a reasonable opportunity to respond, impose sanctions for a violation of Rule 11(b). *See* Fed. R. Civ. P. 11(c)(1), (3). The Court further has the inherent ability to impose sanctions for bad-faith conduct of a party or to otherwise deal with abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46, 48–49 (1991). The undersigned does not impose sanctions under Rule 11 here.

Instead, the motion to disqualify will be stricken pursuant to the Court's inherent authority, but without prejudice to refiling. Plaintiff is warned that continued fabricated citations to non-existent case quotations or other frivolous filings may result in sanctions including, without limitation, dismissal of his claims.

IT IS THEREFORE ORDERED that *Petitioner's Motion to Disqualify Respondents' Counsel and to Strike ECF No. 14* (ECF No. 39) is STRICKEN.

ORDERED this 8th day of August, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT