IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
AUG 13 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

No. 25-CV-297-SEH-MTS

**CHAPTER JACKSON,** Petitioner,

v.

**FREDERIC DORWART, LAWYERS PLLC, and JOHN CAYMAN,** Defendants/ Respondents.

**PETITIONER'S AMENDED MOTION TO DISQUALIFY RESPONDENTS' COUNSEL AND TO STRIKE ECF NO. 14**

COMES NOW Petitioner, Chapter Jackson, and pursuant to this Court's inherent authority to supervise the conduct of attorneys appearing before it and Federal Rule of Civil Procedure 12(f), respectfully moves to disqualify Frederic Dorwart, Lawyers PLLC (herein - "FDL") and attorney Jared M. Burden from representing the Respondents in this action and to strike ECF No. 14. In support of this motion, Petitioner states as follows:

## I. INTRODUCTION

This is a petition to compel arbitration under the Federal Arbitration Act ("FAA") arising out of conduct allegedly committed by the law firm Frederic Dorwart, Lawyers PLLC ( herein - "FDL" ) and its attorney-employee John Cayman. Petitioner seeks to compel these parties to arbitration based on their professional conduct. Despite being named as respondents in this proceeding, FDL and Mr. Cayman are currently represented by FDL itself through its own attorney, Jared M. Burden, also of FDL. This creates a disqualifying conflict of interest that violates multiple rules of professional conduct and legal precedent.

Furthermore, ECF No. 14, submitted by Mr. Burden on behalf of the firm and its attorney, must be stricken under Rule 12(f) as an improper pleading filed in contravention of federal ethical obligations and due process. Attorney Jared M. Burden, a partner at FDL and or attorney of the firm, who has entered an appearance and submitted filings on behalf of the firm and its co-defendants- employees- former employee, Mr. Cayman and BOK who are all parties to the petition. This creates a direct and irreconcilable conflict of interest in violation of controlling ethical standards and binding federal precedent. A law firm cannot ethically represent itself or its employees in litigation in which it is a named party.

## II. ARGUMENT

### A. A Law Firm Cannot Represent Itself or Its Own Attorneys When Named as a Party

/ Mail ___ No Cert Svc ___ No Orig Sign
___ C/J ___ C/MJ ___ C/Ret'd ___ No Env
___ No Cpys / No Env/Cpys ___ O/J ___ O/MJ

It is black-letter law that an attorney or law firm cannot ethically represent itself and its employees when the firm is a party to the litigation. The inherent conflict of interest between the law firm, its employees- former employee – John Cayman, and its own legal interest precludes such representation. See *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984). The conflict of interest is patent when a law firm attempts to represent both itself and its current or former attorneys in an adversarial dispute. See also *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995) Disqualification is necessary where firm lawyers would be placed in positions of conflicting loyalties.

FDL and John Cayman who is FDL former attorney, must obtain independent outside counsel when it is a party to the litigation for the firm's attorneys are co-defendants or witnesses within the petition. Furthermore, FDL and Mr. Cayman cannot ethically appear through a lawyer who is both their colleague and subordinate. Independent outside counsel must be retained to preserve impartiality and the adversarial process. Federal courts across jurisdictions have consistently held that a law firm must obtain independent outside counsel when it is a party to the litigation, particularly when firm attorneys are co-defendants or witnesses. See *Unified Sewerage Agency v. Jelco, Inc.*, 646 F.2d 1339, 1349 (9th Cir. 1981) An attorney cannot represent clients with adverse interests, even when those clients are within the same firm while representing BOKF bank who is a client and John Cayman former client for he no longer works with the Firm FDL. *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984) An attorney's duty of loyalty precludes representing both the firm and a colleague in litigation adverse to the firm.; *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995). Burden is representing FDL, a firm he is an attorney with, and BOK who is FDL client and John Cayman who is a former attorney with the firm and BOKF is John Cayman former client such requires disqualification where firm's dual representation undermined adversarial fairness.

Further, when a firm represents itself, a bank who is their client and its own former employees in an action involving alleged professional misconduct or breach of duty, it is not only a conflict of interest under ethical standards (see ABA Model Rules 1.7 and 1.9), but also a threat to the integrity of the judicial process. See *In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir. 1992). Courts are required to address any appearance of impropriety that may undermine public confidence. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009).

**B. The Tenth Circuit Recognizes Inherent Judicial Authority to Disqualify for Conflicts**

The Tenth Circuit has long recognized the district court's broad discretion in matters of disqualification to ensure fairness and the appearance of justice. See *Weeks v. Independent School Dist. No. I of Oklahoma County*, 230 F.3d 1201, 1211 (10th Cir. 2000) Disqualification is appropriate where the attorney's conduct gives the appearance of impropriety or jeopardizes the integrity of the adversarial process.

**C. The Representation Here Creates an Incurable Conflict of Interest**

FDL and attorney Jared M. Burden are attempting to represent their own law firm, a former firm employee (John Caymen), and the Bank BOKF along with its employees in a matter where each of these parties is a named defendant and is alleged by Petitioner to have engaged in ethical and

legal violations. The simultaneous representation of the law firm, its former employee, and the Bank and its employees in a dispute involving alleged internal firm misconduct and UCC violations by the Bank creates an inherent, non-waivable conflict of interest under the rules of professional conduct. This conflict is underscored by the Supreme Court's recognition in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009), that even the appearance of bias or partiality requires corrective measures to maintain public confidence in judicial proceedings.

Under ABA Model Rule 1.7, counsel is prohibited from representing a client if the representation is directly adverse to another client or if there is a significant risk that the representation of one or more clients will be materially limited by responsibilities to another client, a former client, or a third party. In this case, all of the represented parties are co-defendants in the Petition to Compel Arbitration, which also names the law firm itself as a party against whom ethical and legal violations are alleged. Under these circumstances, the likelihood that the clients' interests will diverge or become directly adverse is substantial, rendering the concurrent representation impermissible. In this scenario, where all parties are named defendants to the petition to compel arbitration, including the form, which means that Burden in itself is a party to the Petition to compel arbitration which ethical/legal violations are alleged, it's highly likely that their interests will diverge or become directly adverse.

**D. Motion to Strike Improper Pleadings under Rule 12(f)**

Federal Rule of Civil Procedure 12(f) allows courts to strike pleadings that are redundant, immaterial, impertinent, or scandalous. Here, ECF No. 14 was filed by an attorney acting in a conflicted capacity, rendering it improper. The pleading is not valid and should be stricken because *(*In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992)* disqualification serves to avoid the appearance of impropriety and maintain public trust. *See also* Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 2:05-CV-0889, 2007 WL 735018, at *4 (S.D. Ohio Mar. 8, 2007).* Here it is proper for the court to strike the filings submitted by conflicted counsel. For the pleadings filed on behalf of the Defendants was filed:

1. By a conflicted party in violation of legal ethics.
2. It undermines the adversarial nature of the proceeding.
3. It creates a substantial risk of prejudice to the Petitioner.

In further support of Petitioner's Motion to Disqualify and Motion to Strike (ECF No. 14), the following authorities from the Tenth Circuit and the Northern District of Oklahoma reinforce the impropriety of a law firm representing itself and its employees in litigation where it is named as a party -*Weeks v. Indep. Sch. Dist. No. I, 230 F.3d 1201, 1211 (10th Cir. 2000)* Disqualification is appropriate where an attorney's conduct threatens the integrity of the judicial process or gives rise to an appearance of impropriety. Here, allowing Frederic Dorwart, Lawyers PLLC ("FDL") to represent itself and its co-defendant former employee and their client BOKF bank undermines impartiality and due process. Courts must ensure fairness by guarding against conflicts of interest that impact litigation. *Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1384 (10th Cir. 1994)*.

A law firm appearing as counsel for itself while being sued clearly falls into this category. In *Smith v. Sprint/United Mgmt. Co., No. 03-2200-JWL-DJW, 2006 WL 83059, at 10 (D. Kan. Jan. 11, 2006)* -the District of Kansas recognized the district court's discretion to strike or disqualify attorneys whose representation poses a conflict or undermines procedural fairness. In *Oklahoma Bar Ass'n v. Benefield, 939 P.2d 115, 119 (Okla. 1997)* -the Oklahoma Supreme Court addressed the need to avoid even the appearance of impropriety and emphasized strict adherence to ethical standards by all attorneys practicing before Oklahoma courts. In **Green v. Adm'rs of the Tulane Educ. Fund, No. CIV-19-79-D, 2020 WL 1016200, at 2 (W.D. Okla. Mar. 2, 2020)* -recognized that disqualification may be necessary when an attorney becomes a potential material witness, as is likely the case here where FDL is intertwined in the facts of the arbitration disputes.

**E. Ethical Rules Prohibit Dual Representation in Adversarial Litigation**

The ABA Model Rules of Professional Conduct prohibit representation where a concurrent conflict of interest exists. Rule 1.7 details that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. The representation by Jared M. Burden of both the firm and its employees/ former employees of the firm and the BOKF and its employees directly violates this rule. The same is reinforced under the Oklahoma Rules of Professional Conduct, Rule 1.7. The representation by Jared M. Burden of both the firm and its employees directly violates this rule. The same is reinforced under the Oklahoma Rules of Professional Conduct, Rule 1.7. Petitioner hereby implements her allegations stated within the petition to compel arbitration ECF 1 and ECF 2 and exhibits filed thereto regarding the Firm, BOKF, John Clayman, and BOKF employees within this pleading as if it were set forth herein pursuant to federal rule 10 (c).

Under Oklahoma law, courts also disfavor dual representation where it impairs professional independence. See *State ex rel. Oklahoma Bar Ass'n v. Geb*, 771 P.2d 873, 876 (Okla. 1989) and *Sharp v. Tulsa County Election Bd.*, 890 P.2d 836 (Okla. 1994), Disqualification is warranted to prevent even the appearance of divided loyalty. Further, Burden is an attorney for the firm, being compelled to arbitrate, an attorney he is likely to be a witness in the arbitration case should not serve as counsel. *State ex rel. Oklahoma Bar Ass'n v. Minter*, 203 P.3d 873, 879 (Okla. 2009); for the firm Frederic Dorwart, Lawyers PLLC is a respondent within this action. The weight of authority from within the Tenth Circuit and Oklahoma strongly supports Petitioner's position that Frederic Dorwart, Lawyers PLLC, and its attorney, Jared M. Burden must be disqualified and that any filings submitted by them (including ECF No. 14) should be stricken.

**III. CONCLUSION**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Disqualify Frederic Dorwart, Lawyers PLLC and Jared M. Burden from representing the Defendants in this action;
2. Order Respondents to obtain independent outside counsel to continue in this case; and
3. Strike ECF No. 14 under Federal Rule of Civil Procedure 12(f) as improperly filed by conflicted counsel.

Dated: August 9, 2025

Respectfully Submitted,

By: ______________________________

Chapter Jackson
Petitioner
21151 S Western Ave. Ste. 177
Torrance, CA 90501
Tel: (424) 272-5269

**Certificate of Service**

I hereby certify that on August 9, 2025, I caused a true and correct copy of the above to be served upon all parties of record via CM/ECF.

______________________________
Chapter Jackson

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

FSC MIX Board FSC® C118916

how2recycle.info PAPER POUCH

Retail

U.S. POSTAGE PAID
PME
KANSAS CITY, KS 66101
AUG 12, 2025

74103

$31.40

RDC 07

S2324E501798-13

ER 229 819 525 US

# PRIORITY MAIL EXPRESS®

7

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE ( 913 804 1130

C. Jackson
PO Box 11143
Overland Park, KS
66207

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( 918 699-4700

US District Court
333 W 4th St #411
Tulsa, OK
Attn: Clerk

ZIP + 4® (U.S. ADDRESSES ONLY) 74103

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

postmark 8/12/25

**PAYMENT BY ACCOUNT (if applicable)**

Federal Agency Acct. No. or Postal Service™ Acct. No.
25-CV-297-SEH-MTS

MS

**ORIGIN (POSTAL SERVICE USE ONLY)**

☒ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| | | | |
|---|---|---|---|
| PO ZIP Code: 66101 | Scheduled Delivery Date (MM/DD/YY): 8/13/25 | Postage: $ 31.40 | |
| Date Accepted (MM/DD/YY): 08/12/2025 | Scheduled Delivery Time: ☒ 6:00 PM | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 11:15 ☒ AM ☐ PM | | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: 31.40 | |
| Weight: ☒ Flat Rate lbs. ozs. | Acceptance Employee Initials: DMC | $ | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023 PSN 7690-02-000-9996

RECEIVED
AUG 13 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

how2recycle.info PAPER POUCH

UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.

This package is made from post-consumer waste. Please recycle - again.