#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAPTER KRIS JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 25-cv-00297-SEH-SH |
| BOK FINANCIAL CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

### OPINION AND ORDER

Before the Court are Plaintiff's motions to disqualify attorney Jared Burden, strike his entry of appearance, and strike any other filings he has made.[1] Plaintiff's motion to strike and disqualify Burden will be denied. Plaintiff has failed to show the existence of any conflict. The Court further enters an order for Plaintiff to show cause why her conduct in signing the *Amended Motion to Disqualify* (ECF No. 50), as specifically described below, has not violated Rule 11. The Court sets this matter for a hearing on potential sanctions.

### Background

Plaintiff Chapter Kris Jackson ("Jackson") has brought this case against 37 individual defendants plus some number of unnamed persons, seeking to compel arbitration of what she lists as 84 separate claims. (ECF No. 2.) Attorney Jared Burden ("Burden") has appeared as counsel for various entities related to BOKF, a bank; Frederic Dorwart, Lawyers PLLC, a law firm; Jill Chalmers, a BOKF employee; and John Clayman,

---

[1] The motions have been referred to the undersigned by District Judge Sara E. Hill. (*See* ECF No. 66.)

an attorney at FDL (the "BOK Defendants"). (ECF No. 2 at 27–51; ECF No. 12.[2]) Jackson's claims against these defendants appear to relate to BOKF's response to a document subpoena issued out of a bankruptcy court in the Western District of Missouri. (ECF No. 2 at 27–51.) Burden is also an attorney at FDL. (ECF No. 12.)

Jackson filed her first motion to disqualify Burden on August 5, 2025. (ECF No. 39.) After finding numerous fake case quotations in just two paragraphs of that motion, the undersigned struck the motion without prejudice to refiling. (ECF No. 47.) The undersigned noted that it was neither this Court's, nor the other parties', duty to continue poring through the cited cases trying to find non-existent language. (*Id.* at 2.) The Court further warned Plaintiff "that continued fabricated citations to non-existent case quotations or other frivolous filings may result in sanctions including, without limitation, dismissal of [her] claims." (*Id.*)

Four days later, Jackson mailed an "amended" motion to disqualify to the Court for filing. (ECF No. 50 at 6.) This motion was substantively identical to the previously stricken filing.[3] (*Compare* ECF No. 50 *with* ECF No. 47.) Jackson merely removed the parentheses and quotation marks around the four fake quotations noted by the Court. She did not correct her assertion that those cases stood for the principles stated, nor did she make any attempt to review her other citations for accuracy.

Meanwhile, on August 7, 2025, Jackson filed a motion to "strike" Burden's appearance and his filings and, again, to disqualify him. (ECF No. 43.) This motion was not new and was, instead, an attempt at supplemental briefing that was subject to being

---

[2] Page numbers refer to those in the ECF header.
[3] The amended motion contains a few lines of additional, unsupported argument.

2

stricken under LCvR 7-1(f). In the deluge of Jackson's various filings, this was missed by the Court, and the BOK Defendants have now filed a response (ECF No. 77).

In her briefing, Jackson argues that Burden cannot represent his clients, because such representation creates an actual, unwaivable, and irreconcilable conflict of interest. (*E.g.*, ECF No. 43 at 1.) Jackson appears to base this assertion on the professional rule regarding concurrent conflicts of interest.[4] (*Id.* at 2.)

## Analysis

### I. Standard of Review

#### A. Motions to Disqualify

A court has "broad discretion" in determining whether an attorney should be disqualified. *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1211 (10th Cir. 2000). As the party seeking disqualification, Plaintiff bears the burden of proving its necessity. *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1299 (D. Colo. 1994); *Alstatt v. Bd. of Cnty. Comm'rs*, No. CIV-22-811-D, 2023 WL 5019914, at *1 (W.D. Okla. Aug. 7, 2023); *Com. Com. Partners, LLC v. Miliken & Co.*, No. 22-cv-00020-JNP-PK, 2022 WL 17093650, at *3 (D. Utah Nov. 21, 2022).

Two sources of authority govern motions to disqualify in federal court. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994). "First, attorneys are bound by the local rules of the court in which they appear." *Id.* In this Court, that means attorneys are expected to conduct themselves in accordance with the Oklahoma Rules of Professional Conduct (the "ORPC"), Okla. Stat. tit. 5, ch. 1, app. 3-a. *See* LGnR 3-2.

---

[4] In the *Amended Motion to Disqualify*, Jackson at various times appears to argue that Burden is a potential witness. (*E.g.*, ECF No. 50 at 4.) Jackson offers no factual basis for this assertion, other than Burden's mere employment at the defendant law firm. The undersigned disregards this factually unsupported argument.

3

Second, motions to disqualify "are decided by applying standards developed under federal law" and are consequently "governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (citation modified).

Although this Court must consult the Oklahoma rules, it is "not bound by state-court interpretations of such rules." *Acct. Principals, Inc. v. Manpower, Inc.*, 599 F. Supp. 2d 1287, 1291 (N.D. Okla. 2008). But, "it would arguably create difficulties for practitioners in Oklahoma were we to adopt an interpretation of [the Oklahoma rules] different from that adopted by the Oklahoma Supreme Court." *Weeks*, 230 F.3d at 1214 (Briscoe, J., concurring). So, the Court applies federal standards "while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma." *Acct. Principals*, 599 F. Supp. 2d at 1291 (citation modified).

When considering a motion to disqualify, a court "must carefully balance the interest in protecting the integrity of the judicial process with the right of a party to have counsel of its choice." *State Farm Mut. Auto. Ins. Co. v. Dowdy ex rel. Dowdy*, 445 F. Supp. 2d 1285, 1287 (N.D. Okla. 2006). "Under that standard, disqualification 'is such a drastic measure that it should be invoked if, and only if, the Court is satisfied that real harm is likely to result." *Grant v. Flying Bud Farms, LLC*, No. 22-CV-1-TCK-CDL, 2022 WL 2955147, at *4 (N.D. Okla. July 26, 2022) (quoting *Ark. Valley State Bank v. Phillips*, 2007 OK 78, ¶ 13, 171 P.3d 899, 905).[5] "Motions seeking the disqualification of opposing counsel are viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." *Madden v.*

---

[5] The Oklahoma Supreme Court has held that the "burden rests with the moving party to establish the likelihood of such harm by a preponderance of the evidence." *Id.* at 911, ¶ 23.

4

*Elara Caring, LLC*, No. CIV-19-1178-G, 2021 WL 4301493, at *1 (W.D. Okla. Sept. 21, 2021) (citation modified).

### B. Pro Se Litigants

As Plaintiff is proceeding pro se, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). That said, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). As such, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

## II. Plaintiff Has Shown No Disqualifying Conflict

Plaintiff has failed to show that Burden should be disqualified from representing the BOK Defendants due to a concurrent conflict of interest.[6] A concurrent conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . ." ORPC 1.7(a)(2); *see id.* cmt. 23 (noting "simultaneous representation of parties whose interests in litigation may conflict, such as . . . co-defendants, is governed by paragraph (a)(2)"). A concurrent "conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that

---

[6] Because the Court finds no disqualifying conduct, it does not reach the BOK Defendants' argument that Plaintiff lacks standing to raise this issue. (ECF No. 77 at 2–3.)

5

there are substantially different possibilities of settlement of the claims or liabilities in question." *Id.* cmt. 23.

If a concurrent conflict arises, a lawyer shall not represent a client, unless

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.[7]

ORPC 1.7(b). However, a lawyer "cannot undertake common representation of clients where contentious litigation or negotiations between them are imminent or contemplated," or "when it is unlikely that impartiality can be maintained." ORPC 1.7 cmt. 29.

Here, Jackson has failed to meet her burden of showing the existence of a concurrent conflict of interest, much less one that poses a significant risk of harming the integrity of the judicial process. Jackson shows no substantial discrepancy in the BOK Defendants' positions; identifies no imminent and contentious litigation or negotiations between them; and otherwise fails to demonstrate a risk that Burden's representation will be materially limited.

---

[7] "Thus, even when there exists a concurrent conflict of interest, that conflict can be waived so long as the requirements identified in Rule 1.7(b) are met." *Northrop v. Am. Express Co.*, No. 09-CV-005-TCK-TLW, 2010 WL 11561570, at *3 (N.D. Okla. Feb. 3, 2010).

Jackson cites to the Federal Arbitration Act, 9 U.S.C. §§ 1–16; the Fifth Amendment; and various cases—real and unreal.[8]  None of these authorities stand for the proposition that an attorney cannot represent his law firm or that an attorney cannot represent both his law firm and that firm's client.  The BOK Defendants, by contrast, cite cases allowing for such representation.  *See Betch v. O'Brien*, No. 8:22-CV-00894-PX, 2022 WL 3544251, at *3 (D. Md. Aug. 18, 2022) ("It is well-established . . . that attorneys may represent their own law firms."), *aff'd*, No. 22-2108, 2023 WL 2571005 (4th Cir. Mar. 20, 2023) (per curiam); *Lemberg L., LLC v. eGeneration Mktg., Inc.*, No. 3:18-CV-570 (CSH), 2020 WL 2813177, at *20 (D. Conn. May 29, 2020) ("a law firm is permitted to represent itself, as well as its client, in any action where it is a party, in the absence of some inherent conflict or other basis for disqualification" (citation modified)).

Jared Burden will not be disqualified as counsel in this case, and there is no basis to strike any of his filings.[9]

### III.   Order to Show Cause—the Amended Motion to Disqualify

The Court orders Plaintiff Jackson to show cause for why she has not violated Rule 11(b) in the *Amended Motion to Disqualify* (ECF No. 50).

---

[8] In her *Motion to Strike*, Plaintiff cites "*Coleman v. PepsiCo, Inc.*, 945 F. Supp. 1519, 1522 (D. Kan. 1996)." (ECF No. 43 at 2.)  There does not appear to be such a case in the District of Kansas, and the citation is to a case in the Middle District of Florida regarding criminal sentencing.  *See United States v. Clemmons*, 945 F. Supp. 1519 (M.D. Fla. 1996).  The additional fake citations in Plaintiff's *Amended Motion to Disqualify* (ECF No. 50) are discussed below.

[9] As Burden is now the only attorney representing the BOK Defendants and is not subject to disqualification under Rule 1.7, there is no reason to address whether any disqualification of him is imputed to other attorneys at FDL.  *See* ORPC 1.10(a) (discussing circumstances under which an individual's disqualification under Rule 1.7 may prevent other firm attorneys from representation).  Jackson does not make any legally supported argument that the disqualification of any other attorney at FDL is imputable to Burden.

Following the Court's prior ruling, Jackson was on notice that her signature certifies that the legal contentions in her filings are warranted by law and that continued fabricated citations or frivolous filings could result in sanctions. (ECF No. 47.) Jackson was also directly informed that the first four quotations in her prior motion were false. (*Id.* at 1.)

Yet, she left the false language in her brief, merely removing the quotation marks and parentheses. The now purportedly paraphrased language is not supported by any of the cases cited. *See Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984); *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995); *Unified Sewerage Agency of Washington Cnty. v. Jelco Inc.*, 646 F.2d 1339, 1349 (9th Cir. 1981).

Moreover, despite the Court's warning, Jackson clearly did not check the other citations in her motion before resubmitting it as an amended motion. Page four of the amended motion contains the following additional fabricated citations and falsities:

- Jackson claims, "In *Smith v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 WL 83059, at 10 (D. Kan. Jan. 11, 2006) - the District of Kansas recognized the district court's discretion to strike or disqualify attorneys whose representation poses a conflict or undermines procedural fairness." (ECF No. 50 at 4.)
    - The Westlaw citation she gives is for a Northern District of California case discussing class certification. *See Palmer v. Stassinos*, 233 F.R.D. 546 (N.D. Cal. 2006). There are cases with the *Smith v. Sprint/United Mgmt. Co.* case name, but they are not in the District of Kansas, not in 2006, and do not appear to address attorney disqualification.[10]

---

[10] *See Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-00550-WJM-KMT, 2015 WL 5444299 (D. Colo. Sept. 16, 2015) (addressing motion to stay discovery); *Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-00550-WJM-KMT, 2015 WL 5444298 (D. Colo. Sept. 16, 2015) (addressing motion for leave to file amended complaint); *Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-0550-WJM-KMT, 2016 WL 8540839 (D. Colo. July 27, 2016) (addressing motion to dismiss); *Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-

8

- Jackson claims, "In *Oklahoma Bar Ass'n v. Benefield, 939 P.2d 115, 119 (Okla. 1997)* -the Oklahoma Supreme Court addressed the need to avoid even the appearance of impropriety and emphasized strict adherence to ethical standards by all attorneys practicing before Oklahoma courts." (ECF No. 50 at 4.)
    - o  The Pacific Reporter citation she gives takes one to the middle of an Oregon case discussing civil sanctions for violating bingo operation statutes and rules. *Evans v. Att'y Gen.*, 148 Or. App. 133, 135, 939 P.2d 111 (1997). There are Oklahoma cases with the *Benefield* case name, but they are not in 1997 and do not mention the appearance of impropriety.[11]

- Jackson claims, "In **Green v. Adm'rs of the Tulane Educ. Fund*, No. CIV-19-79-D, 2020 WL 1016200, at 2 (W.D. Okla. Mar. 2, 2020) – recognized that disqualification may be necessary when an attorney becomes a potential material witness, as is likely the case here where FDL is intertwined in the facts of the arbitration disputes." (ECF No. 50 at 4.)
    - o  The Westlaw citation goes to various Illinois rulemaking relating to alcohol, horse racing, lottery, and video gaming. *See, e.g.,* 2020 IL REG TEXT 483929 (NS). There are cases with the *Green* case name, but they are not in the Western District of Oklahoma, are not in 2020, and do not involve attorney witnesses.[12]

---

00550-WJM-KLM, 2017 WL 2334025 (D. Colo. Feb. 24, 2017) (addressing motion for summary judgment), *R&R adopted*, 2017 WL 1130034 (D. Colo. Mar. 27, 2017), *aff'd*, 718 F. App'x 630 (10th Cir. 2017); *Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-0550-WJM-KLM, 2017 WL 4469110 (D. Colo. Oct. 6, 2017) (addressing motion to vacate).

[11] *See State ex rel. Okla. Bar Ass'n v. Benefield*, 2002 OK 37, 51 P.3d 1198 (suspending attorney for violating rules regarding competent representation, keeping client informed, charging a reasonable fee, and surrendering papers and refunding unearned fees upon discharge); *State ex rel. Okla. Bar Ass'n v. Benefield*, 2005 OK 75, 125 P.3d 1191, 1192 (suspending attorney for serial neglect and pattern of misconduct).

[12] *See Green v. Adm'rs of Tulane Educ. Fund*, No. CIV.A. 97-1869, 1998 WL 24424 (E.D. La. Jan. 23, 1998) (granting motion to disqualify firm who employed attorney who previously represented the movant in substantially related matter); *Green v. Adm'rs of Tulane Educ. Fund*, No. CIV. A. 97-1869, 1998 WL 61041 (E.D. La. Feb. 13, 1998) (denying motion to certify order for interlocutory appeal); *Green v. Adm'rs of Tulane Educ. Fund*, No. CIV. A. 97-1869, 1999 WL 203262 (E.D. La. Apr. 8, 1999) (addressing various dispositive motions), *aff'd*, 284 F.3d 642 (5th Cir. 2002); *Green v. Adm'rs of the Tulane Educ. Fund*, No. CIV. A. 97-1869, 1999 WL 622904 (E.D. La. Aug. 12, 1999) (addressing

- Jackson claims, "Under Oklahoma law, courts also disfavor dual representation where it impairs professional independence. *See State ex rel. Oklahoma Bar Ass'n v. Geb*, 771 P.2d 873, 876 (Okla. 1989) and *Sharp v. Tulsa County Election Bd.*, 890 P.2d 836 (Okla. 1994)." (ECF No. 50 at 4.)

    - The Pacific Reporter citation for *Geb* goes to an Alaska case addressing a criminal sentence. *See Newell v. State*, 771 P.2d 873 (Alaska Ct. App. 1989). There is an Oklahoma case with the *Geb* case name, but it is in 1972 and does not mention dual representation or professional independence.[13] The *Sharp* case actually exists, but it involves elections and a nepotism statute.[14]

- Jackson claims, "Further, Burden is an attorney for the firm, being compelled to arbitrate, an attorney he is likely to be a witness in the arbitration case and should not serve as counsel. *State ex rel. Oklahoma Bar Ass'n v. Minter*, 203 P.3d 873, 879 (Okla. 2009) . . . ." (ECF No. 50 at 4.)

    - The Pacific Report citation goes to a New Mexico case regarding summary judgment. *See Romero v. Philip Morris, Inc.*, 145 N.M. 658, 203 P.3d 873, *rev'd*, 148 N.M. 713, 242 P.3d 280. There are Oklahoma cases with the *Minter* case name, but they are not in 2009 and do not involve arbitration or attorney witnesses.[15]

The Court will strike the amended motion pursuant to its inherent authority, as it did the original motion (*see* ECF No. 47). Because the Court has addressed above the

---

motion to reconsider); *Green v. Adm'rs of Tulane Educ. Fund*, No. CIV. A. 97-1869, 2000 WL 341027 (E.D. La. Mar. 30, 2000) (addressing post-trial motions), *aff'd*, 284 F.3d 642 (5th Cir. 2002); *Green v. Adm'rs of Tulane Educ. Fund*, No. CIV.A.97-1869, 2000 WL 1059848 (E.D. La. July 28, 2000) (addressing motion for fees), *aff'd*, 284 F.3d 642 (5th Cir. 2002).

[13] *See State ex rel. Oklahoma Bar Ass'n v. Geb*, 1972 OK 17, 494 P.2d 299 (suspending attorney charged with commingling and failing to return client funds).

[14] *See Sharp v. Tulsa Cnty. Election Bd.*, 1994 OK 104, 890 P.2d 836.

[15] *State ex rel. Okla. Bar Ass'n v. Minter*, 1998 OK 59, 961 P.2d 208 (imposing public reprimand on attorney for failing to respond to request for information and failing to properly file notice of intent to appeal); *State ex rel. Oklahoma Bar Ass'n v. Minter*, 2001 OK 69, 37 P.3d 763 (suspending attorney for various acts of misconduct).

substance of Jackson's arguments in ruling on the *Motion to Strike*, there is no reason to grant Jackson another chance to re-file the motion to disqualify.

The Court further finds that a show cause order is appropriate. These combined errors indicate that Jackson did not conduct an inquiry reasonable under the circumstances and made legal contentions unwarranted by existing law. *See* Fed. R. Civ. P. 11(b)(2). Jackson's quick resubmission of the amended motion without making any substantive changes further indicates that her motion was being presented for an improper purpose, causing unnecessary delay and needlessly increasing the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). Pursuant to Rule 11, the Court may order a party to show cause why such conduct has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3). A sanction may be ordered under Rule 11 to deter repetition of violating conduct or to deter comparable conduct by others who are similarly situated. *See* Fed. R. Civ. P. 11(c)(4). In the current circumstances, such sanctions may include nonmonetary directives or an order to pay a penalty into court.[16] *See id*.

IT IS THEREFORE ORDERED that Plaintiff's *Motion to Strike Appearances and Pleadings of Attorney Jared Burden and to Disqualify Counsel* (ECF No. 43) is DENIED and *Petitioner's Amended Motion to Disqualify Respondents' Counsel and to Strike ECF No. 14* (ECF No. 50) is STRICKEN.

---

[16] The Court denies any request by the BOK Defendants that they be awarded their attorney's fees "for having to respond to Plaintiff's deceitful briefing." (ECF No. 77; *see also* ECF No. 80 at 2 (incorporating ECF No. 77).) To the extent the BOK Defendants are seeking sanctions under Rule 11, they have failed to file a separate motion in compliance with the safe harbor provision. *See* Fed. R. Civ. P. 11(c)(2) (requiring such a separate motion); *see* Fed. R. Civ. P. 11(c)(4) (allowing award of expenses to the movant "if imposed on motion and warranted for effective deterrence"). While the Court retains its inherent power to impose sanctions that include fees for bad-faith conduct, there is no reason for the BOK Defendants not to comply with the options available to them under the federal rules and statutes.

IT IS FURTHER ORDERED that Plaintiff shall show cause why the conduct described in this order has not violated Fed. R. Civ. P. 11(b). Plaintiff's response shall be filed in writing by October 14, 2025. The Court sets a hearing on whether sanctions should be imposed for this conduct for October 21, 2025, at 10:00 a.m., in Magistrate Courtroom #2, Third Floor, U.S. Courthouse, 333 West Fourth Street, Tulsa, Oklahoma. Plaintiff and counsel for the BOK Defendants shall attend the hearing in person. Counsel for the other parties to this litigation need not attend.

ORDERED this 29th day of September, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT