IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHAPTER KRIS JACKSON,** | |
| **Petitioner,** | |
| v. | Case No. 25-CV-00297-SEH-SH |
| **BOK FINANCIAL CORPORATION et al.** | |
| **Respondents.** | |

# OPINION AND ORDER

Before the Court is Petitioner Chapter Jackson's Objection to Magistrate Judge's Orders [ECFS 101, 102 & 103]; and Objection to ECF No. ECF 103 (Resulting from EXF 101) and Request for the District Court Judge to Review. [ECF No. 106]. Petitioner's objection and her other remaining pending motions are STRICKEN for the reasons explained below.

## I. Background

Petitioner initiated this action by filing a petition to compel arbitration under the Federal Arbitration Act. Petitioner names several dozen individually-named defendants and 100 "doe" defendants, and she appears to assert 84 separate claims against the defendants based upon various authorities. [ECF No. 2 at 6–8]. The petition is unclear, but Petitioner's allegations largely focus on disclosure of her financial information. [*Id*. at 9].

Petitioner has flooded the Court with various motions and other filings, several of which were referred to United States Magistrate Judge Susan Huntsman. The Court referred Petitioner's motion to disqualify counsel filed at [ECF No. 39], which was stricken because the motion "contain[ed] multiple quotations that do not appear in the cases cited." [ECF No. 47 at 1]. Judge Huntsman emphasized the requirements set forth in Fed. R. Civ. P. 11 and warned Petitioner that "continued fabricated citations to non-existent case quotations or other frivolous filings may result in sanctions including, without limitation, dismissal of [her] claims." [ECF No. 47 at 2].

Petitioner then filed an amended motion to disqualify counsel, [ECF No. 50], which the Court also referred to Judge Huntsman along with another motion to strike counsel's appearance and pleadings. [ECF No. 66]. Judge Huntsman denied Petitioner's motion to disqualify and noted that her amended motion "was substantively identical to the previously stricken filing" in that she "merely removed the parentheses and quotation marks around the four fake quotations noted by the Court. She did not correct her assertion that those cases stood for the principles stated, nor did she make any attempt to review her other citations for accuracy." [ECF No. 92 at 2]. Because Petitioner's amended motion still contained fabricated citations and falsities, Judge Huntsman ordered Petitioner to show cause why her conduct did not violate Fed. R. Civ. P. 11(b), and the matter was set for a hearing to

2

determine whether sanctions should be imposed. [*Id.* at 10–12]. Petitioner did not appear at the show cause hearing. [ECF No. 99].

Judge Huntsman then entered an order imposing sanctions. [ECF No. 101]. Judge Huntsman acknowledged Petitioner's purported health issues and her request to attend the show cause hearing telephonically that was submitted to the *pro se* intake box 30 minutes before the hearing was set to commence (which Judge Huntsman became aware of *after* the hearing began). [*Id.* at 2–8]. Despite Petitioner's statement about her purported issues, sanctions were nevertheless imposed for her Rule 11 violations and Judge Huntsman invited counsel for BOK to submit the reasonable expenses incurred for attending the hearing. [*Id.* at 8–9]. Petitioner paid the $405 fine imposed on her, [ECF No. 102], but she now objects to Judge Huntsman's sanctions order. [ECF No. 106].

Petitioner objects to Judge Huntsman's order on several grounds. For example, Petitioner argues that Judge Huntsman erred in relying on some of the Court Clerk's records, and that Judge Huntsman's order violates her due process rights, her rights under the Americans with Disabilities Act, and her rights under the Rehabilitation Act with respect to her disability. But setting aside the substance of Petitioner's arguments, and despite previous warnings, the objection contains non-existent, misleading, or otherwise inaccurate citations to authority.

The Court has identified at least the following two inaccurate citations in Petitioner's objection. First, at [ECF No. 106 at 5–6], Petitioner states:

> The Magistrate Judge was required to take into consideration all the evidence in the record and discuss significant evidence contrary to her ruling. *Godbey v. Apfel*, 238 F.3d at 808-809. The Petitioner submitted her medical records that clearly detailed that she has been diagnosed with a Glaucoma and was getting a prescription refilled. The Magistrate Judge cannot claim to base her decision on substantial evidence if she has ignored substantial contrary evidence. *Stein v. Sullivan*, 892 *863 F.2d 43, 47 (7th Cir.1989). *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996), which explicitly states that "judges, including administrative law judges,

> must not succumb to the temptation to play doctor and make their own independent medical findings. See e.g. *Herron v. Shalala*, 19 F.3d 329, 334 n. 10 (7th Cir. 1994); *Scivally*, 966 F.2d at 1076; *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990), certiorari denied, 502 U.S. 901.

There are several problems with this paragraph. To begin, the quoted material attributed to the *Rohan* case that spans between pages 5 and 6 does not have a second quotation mark that indicates where the quotation ends. But more importantly, the quotation is not fully accurate.

Second, Petitioner cites to *Badillo v. Thorpe*, 158 F. Supp. 2d 177 (D. Conn. 2001). [ECF No. 106 at 8]. However, the case found at 158 F. Supp. 2d is captioned *Tropical Air Flying Services, Inc. v. Carmen Feliciando de Melecio*, and the subject matter discussed in the *Tropical Air* case is not relevant to the issues discussed in Petitioner's brief. The only case the Court is aware of captioned as *Badillo v. Thorpe* is located at 158 F. App'x 208 (11th

4

Cir. 2005), which is at least a case that involves the Americans with Disabilities Act and the Rehabilitation Act.

Given these obvious issues with the accuracy and reliability of Petitioner's filing, the Court must determine what to do next given the persistent and pervasive problems that Petitioner has had throughout the litigation with false, misleading, or otherwise inaccurate citations to authority.

## II. Discussion

As previously noted by Judge Hunstman, federal courts have inherent authority "to impose sanctions for bad-faith conduct of a party or to otherwise deal with abuse of the judicial process." [ECF No. 47 at 2] (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46, 48–49 (1991)); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing a district court's inherent power to manage its docket); *Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025) (recognizing the same in the context of an attorney who submitted briefs that contained hallucinated or fake case citations as a result of using generative AI technology). The Court's inherent authority is not without limits, and the exercise of these powers "must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice," and such exercise "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz*, 579 U.S. at 45. Just as Judge Huntsman did, federal courts

regularly strike filings that contain fabricated or inaccurate citations or authority. *See, e.g., Mattox v. Product Innovations Research, LLC*, __ F. Supp. 3d. __, No. 6:24-cv-235-JAR, 2025 WL 3012828, at *9 (E.D. Okla. Oct. 22, 2025).

There are several opposing factors that inform what, if any, action should be taken by the Court to address Petitioner's continued failure to reliably and accurately cite authority in her filings. In fairness to Petitioner, it appears that she has at least attempted to comply with Judge Huntsman's order to identify inaccuracies in her previous filings. [ECF No. 108]. On the flip side of that same coin, though, it is deeply troubling that Petitioner has identified at least 23 incorrect citations, some of which she describes as misstatements, incorrect summaries, and inaccurate applications of the law. [*Id.* at 1–2]. And despite Petitioner's efforts, she did not identify any of the inaccuracies the Court identified above in her filing at [ECF No. 106]. Of course, Petitioner's filing at [ECF No. 106] did not fall within the scope of what Judge Huntsman ordered. Nevertheless, it was filed just one day before Petitioner filed the declaration swearing she had reviewed her filings for accuracy, all of which came after multiple warnings from Judge Huntsman about her obligations under Fed. R. Civ. P. 11.

In addition to the inaccurate or otherwise misleading citations to authority, Petitioner's objection contains obvious substantive issues. For

6

example, Petitioner asserts that Judge Huntsman's order violates her rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. [ECF No. 106 at 4–5, 7–8]. But neither the Americans with Disabilities Act nor the Rehabilitation Act apply to federal courts. *See* 42 U.S.C. §§ 12131(1), 12132 (prohibiting discrimination by a "public entity," the definition for which does not include federal courts); 29 U.S.C. § 794 (prohibiting exclusion from any covered "program or activity," the definition of which does not include federal courts).

So not only has Petitioner failed to ensure her citations to authority are accurate, but she has also not made a reasonable inquiry into whether her arguments are viable under the authority she does cite. The Court is, of course, sympathetic to parties who face issues that make it more difficult to participate in litigation.[1] And perhaps without being warned about her conduct on multiple prior occasions, her conduct might not require a substantial response under the Court's inherent authority. But the Court cannot excuse her altogether from the requirement that she accurately cite authority and conduct a reasonable inquiry into the viability of her arguments.

---

[1] While the Court cannot fully excuse Petitioner from these requirements, Petitioner's requests for accommodation such as deadline extensions will certainly be considered in future filings.

Suffice it to say, the Court has lost all confidence in the accuracy and reliability of the assertions and citations in Petitioner's filings. The Court is also concerned that Petitioner does not appreciate the seriousness of her errors. She refers to her conduct as no more than "formatting or procedural errors"[2] or otherwise "typographical" errors. [ECF No. 106 at 7–8]. Rule 11 protects important interests:

> Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. … There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023). In short, there are real-world, serious harms to Petitioner's conduct.

There appear to be many inaccuracies and other errors in Petitioner's filings. But as observed by another court in a similar circumstance, going through each individual violation "risks missing the forest for the trees. It is not merely the individual rule violations that make the [Petitioner's] actions sanctionable, but, more importantly, the pattern of harassment and contempt

---

[2] The Court also notes that many of Petitioner's filings do not comply with the formatting rules set forth in the Court's Local Rules such as page count, font size, and spacing requirements. Future filings that do not comply with these and other rules are subject to being stricken without further notice.

created by their repeated transgressions." *Lowery Wilkinson Lowery, LLC v. Illinois*, No. 25-CV-22-RAW, 2025 WL 2174834, at *11 (E.D. Okla. July 31, 2025). Petitioner should know that the Court seriously considered proceeding under Rule 11 to enter an order requiring her to show cause why substantial monetary penalties should not be imposed, and why this case should not be dismissed in its entirety. But given her efforts to own up to previous errors, the Court's better angels counsel against imposing more severe sanctions. Nevertheless, something must be done given Petitioner's continued errors in the face of clear warnings. The Court finds it appropriate to strike Petitioner's objection as well as all her other pending motions.

### III. Conclusion

For the reasons stated above, the following filings are STRICKEN pursuant to the Court's inherent authority:

- Petitioner's Petition to Compel Arbitration, [ECF No. 2];
- Petitioner's Motion to Strike Defendants [ECF 13] Motion to Dismiss Petition to Compel Arbitration, [ECF No. 25];
- Motion to Stay Parallel State Court Proceedings Pending Resolution of Federal Petition to Compel Arbitration, [ECF No. 42];
- Petitioner's Motion to Correct Docketing Error and for Clarification, [ECF No. 79];
- Petitioner's Motion to Correct Docketing Error and for Clarification Regarding ECF 79, [ECF No. 83];
- Petitioner's Motion to Correct the Court Docket, [ECF No. 85];
- Petitioner's Alternative Motion to Transfer, [ECF No. 88]; and

- Petitioner's Objection to Magistrate Judge's Orders [ECFS 101, 102 & 103]; and Objection to ECF No. ECF 103 (Resulting from EXF 101) and Request for the District Judge to Review, [ECF No. 106].[3]

Given the Court's order to strike the above-listed filings, the following additional pending motions are MOOT:

- Motion to Dismiss of Defendants Victor Felix Weber, Esq. and Merrick, Baker & Strauss, P.C. and Brief in Support, [ECF No. 13];
- Combined Motion and Supporting Brief of Defendants Case Linden P.C. (f/k/a Case Linden Kurtz Buck P.C.), Kevin D. Case, Patric S. Linden, Jamie L. Welch, and Trevor Bond to (A) Dismiss the Case for Lack of Personal Jurisdiction, (B) Failure to State a Claim for Relief, and (C) Quash Attempted Service of Process, [ECF Nos. 20, 21, & 22];
- Defendants Victor Felix Weber and Merrick Baker Strauss, P.C.'s Motion to Strike Plaintiff's "Memorandum of Law in Opposition to Defendants' Motion to Dismiss Petitioner's Petition to Compel Arbitration" (Doc. 48), [ECF No. 49];
- Motion to Strike Plaintiff's Reply (Doc38) and Amended Reply (Doc57) to BOK Defendants' Response to Motion to Compel Arbitration [ECF No. 70]; and
- Defendants' Victor Felix Weber and Merrick Baker Strauss, P.C.'s Motion to Strike Plaintiff's Reply Brief (Doc. 82), [ECF No. 90].

Because the Court has stricken the document Petitioner filed to initiate this action, the Petition to Compel Arbitration [ECF No. 2], the Court grants Petitioner leave to file an amended petition no later than March 17, 2026.

---

[3] Although the Court strikes this filing insofar as it contains Petitioner's objection to Judge Huntsman's order, this filing is combined with Petitioner's response to Defendant BOK's motion for attorney's fees. Therefore, the Court only strikes this document as it is reflected as [ECF No. 106], but the Court does not strike the portion of this document that is reflected as [ECF No. 109]. The Court will not find the BOK defendants' motion for attorney fees filed at [ECF No. 103] moot. That matter remains pending before Judge Huntsman.

Finally, the Court notes that given Petitioner's continued inability to comply with the Court's orders and applicable rules, the Court will not hesitate to enter an order to show cause why sanctions should not be imposed for future violations. The Court further informs Petitioner that any future violations, including violations of Fed. R. Civ. P. 11, may result in sanctions including, but not limited to, substantial monetary penalties, attorney's fees, and dismissal.

DATED this 24th day of February, 2026.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE