**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHAPTER KRIS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-00297-SEH-SH |
| | ) | |
| BOK FINANCIAL CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is the BOK Defendants' motion for attorney fees occasioned by Plaintiff's failure to attend a court-ordered hearing.

The underlying events leading up to this order have been amply discussed in other orders (e.g., Dkt. Nos. 92, 101, 114), and the Court will not repeat them all here. On September 29, 2025, the Court ordered Plaintiff Chapter Kris Jackson ("Jackson") and counsel for the BOK Defendants[1] to attend a hearing on October 21, 2025, where Jackson was to show cause why her previous conduct had not violated Fed. R. Civ. P. 11(b). (Dkt. No. 92 at 12.) Jackson did not appear at the hearing. (Dkt. No. 99; Dkt. No. 101 at 3.) The Court found that Jackson violated the order to appear, that the reasons she gave for needing a telephonic hearing were not supported, and that Fed. R. Civ. P. 16(f) required the Court to order Jackson to pay the reasonable expenses incurred because of her noncompliance, unless that noncompliance was substantially justified or other circumstances made an award of expenses unjust. (*Id.* at 7–8.) The Court, therefore, set a deadline for the BOK Defendants to file any motion for expenses. (*Id.* at 8–9.) The

---

[1] The "BOK Defendants" refers to Defendants BOK Financial Corporation; BOKF, NA dba BOK Financial; Frederic Dorwart, Lawyers PLLC; Jill Chalmers; and John Clayman.

Court also gave Jackson an opportunity to respond, including by providing any reasons she believed her noncompliance was substantially justified or an award of expenses was unjust. (*Id.*)

The BOK Defendants have filed their application for expenses—here attorney fees—and Jackson has responded. (Dkt. Nos. 103, 109.) Having reviewed these filings, the Court finds that Jackson's noncompliance with the Court's order was not substantially justified and that there are no circumstances that make an award of expenses unjust. Jackson has provided no basis for the Court to revisit its prior conclusions that Jackson was aware of the hearing, was capable of travel, and could have attended the hearing as ordered. Jackson's refusal to attend the hearing was without proper excuse. Jackson has provided no other information that shows justification or unjustness. The BOK Defendants are entitled to an award of expenses.

However, the BOK Defendants have failed to provide the information needed for such an award. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *see also Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023) (stating, in Rule 37 context, "[t]he lodestar calculation produces a presumptively reasonable fee" (citation modified)). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson*, 160 F.3d at 1281. The initial burden of proving the reasonableness of the hours and rate is on the applicant. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (noting, "once the applicant has carried his burden of showing that the claimed rate

and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" (citation modified)).

In this evaluation, the "first step in calculating the lodestar [is] determining the number of hours reasonably spent by counsel for the party seeking fees." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Counsel for the moving party "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* Counsel for the BOK Defendants have provided such records. (Dkt. No. 103-1.)

The Court then turns to the reasonable hourly rate. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (citation modified). The party requesting attorney fees "must provide evidence of the prevailing market rate for similar services by 'lawyers of reasonably comparable skill, experience, and reputation' in the relevant community." *Id.* at 1224–25 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "In making these determinations, the court may refer to 'affidavits submitted by the parties and other reliable evidence of local market rates . . . .'" *Busby v. City of Tulsa*, No. 11-CV-447-JED-JFJ, 2018 WL 7286180, at *3 (N.D. Okla. Oct. 23, 2018) (quoting *Case*, 157 F.3d at 1256). "Courts may also consider their own knowledge of market rates." *SFF-TIR, LLC v. Stephenson*, 452 F. Supp. 3d 1058, 1160 (N.D. Okla. 2020) (citing *Lippoldt*); see also *Case*, 157 F.3d at 1257 (noting that this is limited to situations where the court "does not have before it adequate evidence of prevailing market rates").

The BOK Defendants have not provided the Court with the information it needs to determine the prevailing rate for services performed by lawyers who are comparable to its attorneys in skill, experience, and reputation in the relevant community. The only information provided is that "JMB" (presumably Jared M. Burden) charges $450.00 per hour, while "PD" (presumably Paul DeMuro) charges $600.00 per hour. (Dkt. No. 103-1.) The BOK Defendants have provided no information regarding these attorneys' skill, experience, or reputation. They have also failed to provide any information regarding the prevailing rate for such lawyers other than citations to awards in other cases with no explanation for how the lawyers in those cases compare to the BOK Defendants' lawyers.[2]

IT IS THEREFORE ORDERED that the *BOK Defendants' Application for Payment of Attorney's Fees* (Dkt. No. 103) is DENIED.

ORDERED this 22nd day of June, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] One of the cases cited by the BOK Defendants appears to involve Mr. DeMuro as an attorney. *See SFF-TIR,* 452 F. Supp. 3d 1058. The Court cannot discern a basis for Mr. DeMuro's current rate from the discussion in that case. *See id.* at 1196–97.